Swami Prem NIREN, Plaintiff,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Central Office, Washington, DC; Alan Nelson, Commissioner, Immigration and Naturalization Service, Central Office, Washington, DC; United States Department of Justice; and William French Smith, Attorney General of the United States, Department of Justice, Defendants.

Civ. No. 84–24FR.

United States District Court,
D. Oregon.

April 27, 1984.

On Second Motion For Protective Order
July 30, 1984.

Rajneesh Legal Services Corp., Swami Prem Niren, Swami Premsukh, Rajneeshpuram, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Judith D. Kobbervig, Asst. U.S. Atty., Portland, Or., for defendants.

OPINION AND ORDER

FRYE, District Judge.

The matters before the court are defendants' motion for a protective order and plaintiff's motion to compel.

Defendants filed a motion for a protective order in response to a deposition subpoena served on Russell A. Powell, the Freedom of Information and Privacy Act Reviewing Officer for defendant Immigration and Naturalization Service (INS), Central Office, located in Washington, D.C. The subpoena commanded that Powell bring with him to the deposition certain records, documents and materials in the possession of or available to INS. Plaintiff opposes the motion and has, in addition, filed a motion to compel. The motion to compel deals with the subpoena duces tecum served on Powell. Both of the motions relate to the same subject matter.

■ In an action brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the scope of discovery is limited to whether complete disclosure has been made by the agency in response to an individual's request for information. *Giza v. Secretary of Health, Education and Welfare,* 628 F.2d 748 (1st Cir.1980). Whether a thorough search for documents has taken place and whether withheld items are exempt from disclosure are permissible avenues for discovery. *Id.* Under Fed.R.Civ.P. 26(c), a party moving for a protective order must show good cause why a protective order should issue. *Blankenship v. Hearst Corporation,* 519 F.2d 418 (9th Cir.1975).

■ Plaintiff seeks to depose Powell and have him produce documents and materials in order to determine the adequacy of the search conducted by INS in response to his FOIA request and to determine the factual basis for the INS claims of exemption from disclosure.

INS takes the position that plaintiff is on a fishing expedition or being vexatious. Defendants contend that the declaration of Powell submitted with this motion, together with Powell's affidavit to the Vaughn Index filed in this action, are sufficient to establish the adequacy of the search. In addition, defendants argue that the deposition of Powell is not necessary since INS Central Office has already provided plaintiff the information sought other than items that are no longer in possession of INS or are exempt from disclosure under the provisions of FOIA. Defendants also contend that INS can provide any further information plaintiff may need by answering interrogatories.

Plaintiff contends that the discovery sought is necessary to prove his case. Plaintiff states that Powell's written response to the request for production shows that the INS search at the Central Office and the response to his request were based on an earlier FOIA request made by another individual. Plaintiff contends that the deposition of Powell and the production of documents are necessary in order to determine whether the INS search was in fact responsive to his request.

The court finds that defendants have not met the burden of showing good cause why a protective order should issue as to the deposition of Powell. Plaintiff has raised factual questions as to the sufficiency of the affidavits on which defendants rely to support the adequacy of the search made by INS. In addition, plaintiff has shown a need for discovery on the issue of the adequacy of the search.

IT IS HEREBY ORDERED that defendants' motion for a protective order is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to compel is granted except for those records, documents, and materials which are by law exempt from disclosure.

### ON SECOND MOTION FOR PROTECTIVE ORDER

■ The matter before the court is the government's motion for a protective order.

Plaintiff has noticed the deposition of three Immigration and Naturalization Service employees. The government seeks a protective order on the ground that the scope and adequacy of the search performed by the Immigration and Naturalization Service in response to plaintiff's Freedom of Information Act request is not yet at issue. The court finds, however, that no

factual issue as to the scope and adequacy of the search exists at this time and, therefore, that a protective order should issue.

The government also requests leave until September 15, 1984 to file a motion for summary judgment and supporting affidavits. Upon review of the files and records in this case and the affidavits of counsel, the court concludes that if the government intends to file a motion for summary judgment in this action, it should do so on or before August 15, 1984.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The government's motion for a protective order is granted pending further order by The Honorable James Redden.

2. The government shall file its motion for summary judgment and affidavits on or before August 15, 1984.